

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2003

# NLRB v. Lincoln Park

Precedential or Non-Precedential: Non-Precedential

Docket 02-2591

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"NLRB v. Lincoln Park" (2003). *2003 Decisions.* Paper 562.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/562

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2591
_____

NATIONAL LABOR RELATIONS BOARD,

Petitioner

v.

LINCOLN PARK SUBACUTE AND
REHAB CENTER, INC., ONE AND
LINCOLN PARK SUBACUTE AND
REHAB CENTER, INC., TWO,

Respondent

_____

On Petition for Review/Enforcement
of a Decision and Order of the
National Labor Relations Board
(NLRB Nos. 22-CA-22284, 22-CA-22528, and 22-CA-22643)

_____

Argued April 7, 2003
Before:  BECKER[*], BARRY, and BRIGHT[**], Circuit Judges.

(Filed: May 8, 2003)

_____

[*]Judge Becker completed his term as Chief Judge on May 4, 2003.

[**]Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

SHARON BLOCK, ESQUIRE
RUTH E. BURDICK, ESQUIRE (ARGUED)
ARTHUR F. ROSENFELD, ESQUIRE
JOHN E. HIGGINS, JR., ESQUIRE
JOHN H. FERGUSON, ESQUIRE
AILEEN A. ARMSTRONG, ESQUIRE
National Labor Relations Board
1099 14th Street N.W.
Washington, D.C. 20570

  Attorneys for Petitioner

RICHARD M. HOWARD, ESQUIRE (ARGUED)
CARMELO GRIMALDI, ESQUIRE
Kaufman, Schneider & Bianco, LLP
390 North Broadway
Jericho, New York 11753

  Attorneys for Respondent

_____

OPINION OF THE COURT
_____

PER CURIAM.

Lincoln Park Subacute and Rehab Center ("Center") petitioned for review and to set aside the National Labor Relations Board's ("Board") application to enforce an order of the Board finding that the Center had violated the National Labor Relations Act ("Act") by discharging two employees based on their union activities. The Board also

ordered the Union to conduct a third union election based on the two violations of the Act. We deny the petition to set aside the Board's order and grant its enforcement.[1]

## I. BACKGROUND

The Center operates a nursing home in Lincoln Park, New Jersey. Beginning in 1994, various unions have sought to represent the Center's employees. In 1997, District 1199J National Union of Hospital & Healthcare Employees, AFSCME, AFL-CIO ("Union") began organizing its own campaign to represent the employees. On June 13, 1997, the Union filed a petition for an election. The results of the election conducted on August 8, 1997 ("August 1997 election") favored the Union. The Center objected to the August 1997 election. On February 25, 1998, the Board set aside the August 1997 election and ordered a second election.

Prior to the second election, the Center terminated the employment of two employees who had actively supported the unionization efforts. In January 1998, the Center discharged David Aldorando, a porter, for failing to completely clean rooms. The Center also terminated Dorothy Baines, a certified nursing assistant, in February 1998 for patient neglect and verbal abuse of a patient's family member.

---

[1]The Center has also asked this court to set aside the Board's instructions to conduct a third election. At oral argument, the Center explained that it only asked this court to set aside the third election if we determine that the Board erred in concluding that the Center committed unfair labor practices. Because we determine that the Board did not err, we need not address the issue of a third election. That issue remains open in other proceedings before the Board.

On April 19, 1998, the Union conducted a second election, in which the employees voted against the Union. On April 24, 1999, the Union filed objections to the second election and claimed that the Center engaged in unfair labor practices regarding numerous employees, including the termination of Aldorando and Baines.[2]

Administrative Law Judge Raymond P. Green ("ALJ") heard testimony on the claims. On July 30, 1999, the ALJ entered an order, dismissing the charges pertaining to Baines. However, the ALJ determined that the Center had issued a *per se* unlawful written warning to Aldorando in August 1997 for his tardiness for work. The ALJ ordered a third election. Both parties filed exceptions with the Board.

On April 26, 2001, the Board remanded the matter back to the ALJ to determine whether the August 1997 warning to Aldorando was unlawful on its face, to consider whether additional disciplinary problems justified Aldorando's termination and to consider more carefully the evidence concerning Baines' termination. On July 3, 2001, the ALJ issued his supplemental findings as ordered by the Board. The ALJ found the August 1997 warning unlawful because Aldorando provided advance notice to his supervisor about his working as a union observer. In addition, the ALJ held that the Center failed to establish that Baines would have been terminated for patient neglect and verbal abuse regardless of her alleged union activity. The Board adopted the ALJ's supplemental decision.

---

[2]The other unfair labor practice claims are not before the court.

4

## II.   DISCUSSION

The Board's findings of fact are conclusive if they are supported by substantial evidence on the record as a whole.  See St. Margaret Mem'l Hosp. v. N.L.R.B., 991 F.2d 1146, 1151-52 (3d Cir. 1993).  We accept the Board's factual determinations and reasonable inferences derived from those determinations if they are supported by substantial evidence.  See Stardyne, Inc. v. N.L.R.B., 41 F.3d 141, 151 (3d Cir. 1994).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Consolidated Edison Co. of New York, Inc. v. N.L.R.B., 305 U.S. 197, 229 (1938). We will affirm the Board's decision even if we might have reached a different conclusion on *de novo* review.  See Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951).

An employer commits an unfair labor practice when it discriminates "in regard to . . . tenure of employment or any term or condition of employment to . . . discourage membership in any labor organization."  29 U.S.C. § 158(a)(3).  In determining whether a discharge of employees constitutes an unfair labor practice, the General Counsel bears the initial burden of making a *prima facie* showing by a preponderance of the evidence that protected conduct was a motivating factor in the employer's decision to discharge.  Once the General Counsel demonstrates a *prima facie* case, the burden shifts to the employer to demonstrate that it would have taken the same action even in the absence of protected conduct by the employees.  See Hunter Douglas, Inc. v. N.L.R.B., 804 F.2d 808, 813 (3d

Cir. 1986).  The Center has acknowledged that both Aldorando and Baines were active supporters of the Union.  Thus, the Center contends that it would have taken the same action even if Aldorando and Baines had not been active in the union.

### A.    Aldorando

The Center argues that substantial evidence does not exist to support the Board's decision regarding Aldorando because it terminated him for an independent non-discriminatory reason, i.e., his failure to clean rooms.  The Board determined that the Center failed to demonstrate that it discharged other employees for comparable conduct.  The Center notes that during the hearings Aldorando's supervisor made a passing remark about another porter that the Center terminated for failing to clean.  In addition, the Center argues that Aldorando had other disciplinary problems, including being absent from his assigned floor.  However, the Center had not issued any prior warning to Aldorando for this conduct.  Not until the period between the ordering of the second election and the second election, did the Center choose to document Aldorando's allegedly poor performance.

The Center further argues that it did not discriminate against other union supporters.  However, an employer cannot disprove its unlawful motive by arguing it chose not to discriminate against other union supporters.  See Union-Tribune Publ'g Co. v. N.L.R.B., 1 F.3d 486, 492 n.3 (7th Cir. 1993).  The Center has failed to meet its burden

of proof that they would have terminated Aldorando but for his union activity. See Systems Mgmt., Inc. v. N.L.R.B., 901 F.2d 297, 306 (3d Cir. 1990).

## B. Baines

The Center also argues that the record is devoid of any evidence to show that it unlawfully terminated Baines. The Center asserts that it proved its affirmative defense that it would have terminated Baines in the absence of her union activities. Justifying its termination of Baines, the Center relies on its finding that Baines committed patient neglect and was disrespectful to a patient's family member.

The ALJ determined that the Center did not investigate thoroughly the claim of neglect and verbal abuse. Further, the ALJ explained that Baines, an exemplary employee, carried out her duties to the best of her abilities and with overall good judgment. We previously have affirmed a finding of unlawful motivation where the discharged employee had good evaluations. See N.L.R.B. v. S.E. Nichols-Dover, Inc., 414 F.2d 561, 564 (3d Cir. 1969). The Center's arguments do not undermine the Board's conclusion that Baines' termination was motivated by her union activity.

## III. CONCLUSION

After consideration of the entire record, we conclude that substantial evidence supports the Board's findings and conclusions. The issues were hotly contested and close.

7

We cannot say that the Board erred. For the reasons set forth above, we deny the Center's petition for review and we grant the Board's application for enforcement of its order.[3]

---

[3]The Board has not sought enforcement of its April 2, 2001 order, because it is satisfied that the Center is currently complying with that order.